UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET A. SHEPHERD,<br><br>        Plaintiff,<br><br>  v.<br><br>OFFICER GARRETT CRAWFORD, OFFICER D. GRIEPP, OFFICER DAVID ANGAROLE, OFFICER T. MUSTARO, OFFICER JOSEPH PIMENTAL, OFFICER SCOPESI, OFFICER YAIR OAXACA, DOE OFFICER ONE, DOE OFFICER TWO, DOE OFFICER THREE, DOE OFFICER FOUR, CITY OF MODESTO, THE COPPER RHINO, LLC, LESLIE R. KNOLL, GRIFFIN ALLEN DYE, and DOES 5-20, inclusive,<br><br>        Defendants. | 1:08-cv-0128 OWW DLB<br><br>SCHEDULING CONFERENCE ORDER<br><br>Discovery Cut-Off: 1/15/09<br><br>Non-Dispositive Motion Filing Deadline: 1/30/09<br><br>Dispositive Motion Filing Deadline: 2/16/09<br><br>Settlement Conference Date: 1/27/09 10:00 Ctrm. 9<br><br>Pre-Trial Conference Date: 4/27/09 11:00 Ctrm. 3<br><br>Trial Date: 6/9/09 9:00 Ctrm. 3 (JT-12 days) |

I.  Date of Scheduling Conference.

    May 1, 2008.

II. Appearances Of Counsel.

    James F. DeMartini, Esq., appeared on behalf of Plaintiff.

    Kimberly C. Colwell, Esq., appeared on behalf of Defendants City of Modesto and all of the individually named officers.

    R. Ernest Montanari, Esq., appeared on behalf of Defendants The Copper Rhino, LLC, Leslie R. Knoll, and Griffin Allen Dye.

1

III. Summary of Pleadings.

    1.   Plaintiff alleges that on the night of January 14, 2007, while she and her family were patrons of Defendant The Copper Rhino, LLC, she suffered injuries when attacked by the named members of the City of Modesto Police Department and employees of The Copper Rhino, LLC.

    2.   Defendants deny that they are liable to Plaintiff for any injuries she may have suffered on the night referred to in the Complaint.

IV. Orders Re Amendments To Pleadings.

    1.   The parties do not currently contemplate amendments to the pleadings.

V. Factual Summary.

    A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.   Plaintiff Margaret A. Shepherd is an individual citizen of the United States and resident of the Eastern District of California, Fresno Division, at the time of the allegations in the complaint.

        2.   All named Officers are duly sworn peace officers of the State of California and employed by the City of Modesto as police officers, and were acting in the course and scope of their employment at all times alleged and under color of law.

        3.   The Copper Rhino, LLC, is a limited liability company formed and existing under the laws of the State of California, doing business as a restaurant/bar in the City of Modesto, State and Eastern District of California.

        4.   Leslie R. Knoll and Griffin Allen Dye are

1  individual residents of the Eastern District of California,
2  Fresno Division.  Leslie R. Knoll is an officer and director of
3  The Copper Rhino, LLC.  Griffin Allen Dye is employed as an
4  employee of The Copper Rhino, LLC.
5        5.   The circumstances out of which the claims arise
6  occurred on or about the night of January 14, 2007, at The Copper
7  Rhino located at 927 10th Street, Modesto, California.
8        6.   The Copper Rhino is open to the public for the
9  service of food and beverages.
10       7.   Plaintiff Margaret A. Shepherd was arrested
11 following the incident on January 14, 2007.
12    B.   Contested Facts.
13       1.   All remaining facts are disputed.
14 VI. Legal Issues.
15    A.   Uncontested.
16       1.   Jurisdiction exists under 28 U.S.C. §§ 1331, 1343
17 and 1367; 42 U.S.C. § 1983.
18       2.   Venue is proper under 28 U.S.C. § 1391.
19       3.   The substantive law of the State of California
20 provides the rule of decision as to supplemental claims.
21       4.   Each of the law enforcement Defendants were acting
22 in the course and scope of their employment and under color of
23 law.
24    B.   Contested.
25       1.   All remaining legal issues are disputed including,
26 but not limited to, whether any Defendant violated the civil
27 rights of Plaintiff.
28       2.   Causation.

        3.    Damages.

        4.    Whether any Defendant is entitled to immunity.

        5.    Whether any Defendant was justified in any use of force with respect to Plaintiff.

**VII. Consent to Magistrate Judge Jurisdiction.**

    1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

**VIII.    Corporate Identification Statement.**

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

**IX.    Discovery Plan and Cut-Off Date.**

    1.    The parties are ordered to complete all discovery on or before January 15, 2009.

    2.    The parties are directed to disclose all expert witnesses, in writing, on or before November 14, 2008.  Any supplemental or rebuttal expert disclosures will be made on or before December 15, 2008.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the

testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    3.    The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions.

X.    Pre-Trial Motion Schedule.

    1.    All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before January 30, 2009, and heard on March 6, 2009, at 9:00 a.m. before Magistrate Judge Dennis L. Beck in Courtroom 9.

    2.    In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d). However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3.    All Dispositive Pre-Trial Motions are to be filed no later than February 16, 2009, and will be heard on March 23, 2009, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor. In scheduling such motions, counsel shall comply with Local Rule 230.

XI.    Pre-Trial Conference Date.

    1.    April 27, 2009, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.    The parties are ordered to file a Joint Pre-

5

Trial Statement pursuant to Local Rule 281(a)(2).

3. Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules.

XII. Trial Date.

1. June 9, 2009, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

2. This is a jury trial.

3. Counsels' Estimate Of Trial Time:

a. 12 days.

4. Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIII. Settlement Conference.

1. A Settlement Conference is scheduled for January 27, 2009, at 10:00 a.m. in Courtroom 9 before the Honorable Dennis L. Beck, United States Magistrate Judge.

2. Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

3. Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in

person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences.  Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

    4.   Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.   The Confidential Settlement Conference Statement shall include the following:

    a.   A brief statement of the facts of the case.

    b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    c.   A summary of the proceedings to date.

    d.   An estimate of the cost and time to be

expended for further discovery, pre-trial and trial.

   e. The relief sought.

   f. The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XIV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

 1. None.

XV. Related Matters Pending.

 1. There are no related matters.

XVI. Compliance With Federal Procedure.

 1. The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVII. Effect Of This Order.

 1. The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

 2. Stipulations extending the deadlines contained

**herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

    **3.   Failure to comply with this order may result in the imposition of sanctions.**

IT IS SO ORDERED.

**Dated:   May 2, 2008**                              /s/ Oliver W. Wanger
                                                  UNITED STATES DISTRICT JUDGE