Kimberly E. Colwell, Esq. (SBN: 127604)
kcolwell@meyersnave.com
Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA  94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

SUSANA ALCALA WOOD, City Attorney #156366
JAMES F. WILSON, Senior Deputy City Attorney #107289
City of Modesto
P.O. Box 642
1010 Tenth Street, Suite 6300
Modesto, California 95353
Telephone: (209) 577-5284
Facsimile: (209) 544-8260

Attorneys for Defendants CITY OF MODESTO, OFFICERS
GARRETT CRAWFORD, DOUGLAS GRIEPP,
DAVID ANGAROLE, TODD MUSTARO,
JOSEPH PIMENTAL, TONY SCOPESI and YAIR OAXACA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET A. SHEPHERD,<br><br>            Plaintiff,<br><br>      v.<br><br>OFFICER GARRETT CRAWFORD, OFFICER D. GRIEPP, OFFICER DAVID ANGAROLE, OFFICER T. MUSTARO, OFFICER JOSEPH PIMENTAL, OFFICER SCOPESI, OFFICER YAIR OAXACA, DOE OFFICER ONE, DOE OFFICER TWO, DOE OFFICER THREE, DOE OFFICER FOUR, CITY OF MODESTO, THE COPPER RHINO, LLC, LESLIE R. KNOLL, GRIFFIN ALLEN DYE, and DOES 5-20, inclusive,<br><br>            Defendants. | Case No:  1:08-CV-00128-OWW-DLB<br><br>**STIPULATION AND ORDER TO PROTECT CONFIDENTIAL INFORMATION** |

# STIPULATION

Plaintiff MARGARET A. SHEPHERD and Defendants CITY OF MODESTO, and OFFICERS GARRETT CRAWFORD, DOUGLAS GRIEPP, DAVID ANGAROLE, TODD MUSTARO, JOSEPH PIMENTAL, TONY SCOPESI, YAIR OAXACA, LESLIE R. KNOLL, GRIFFIN ALLEN DYE and THE COPPER RHINO, LLC by and through their undersigned counsel of record, and subject to the approval of the court, stipulate to the following Protective Order as set forth below:

1.  In connection with any discovery proceedings in this action, the parties may agree or the Court may direct that any document, thing, material, testimony or other information derived therefrom, be designated as "Confidential" under the terms of this Stipulated Protective Order ("Order"). Confidential information is information which has not been made public and is privileged and confidential and protected from public disclosure under applicable Federal or California State law.

2.  Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3.  Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or documents derived in whole or in part from material designated as confidential ("confidential material") shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purpose.

4.  Confidential material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel) and to the "qualified persons" designated below:

    a.  Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;

    b.  Court reporters employed in this action; and

    c.  A witness at any deposition or proceedings in this action.

    d.  Any other person as to whom the parties in writing agree.

Prior to receiving any confidential material, each "qualified person" shall be provided with a copy of this Order and shall execute a non-disclosure agreement in the form of Attachment A, a copy of which shall be maintained by the counsel who is providing the materials.

5.  The portion of any deposition in which confidential materials are discussed shall be taken only in the presence of qualified persons, as defined above.

6.  Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own confidential material as it deems appropriate.

7.  Receipt by any party of any confidential information does not constitute, nor is it to be construed to be, a waiver of any privilege or evidentiary objection, State or Federal.

8.  If confidential material, including any portion of a deposition transcript designated as confidential is included in any papers to be filed in Court, such papers shall be labeled "<u>confidential-subject to court order</u>" and <u>filed under seal</u> until further order of this court.  Each envelope containing confidential material shall be endorsed with the title and case number of this action, and indication of the nature of said <u>sealed envelope</u>, a legend "confidential-designated by counsel," and a statement substantially in the following form: "This envelope containing documents which are filed in this case is not to be opened, nor the contents thereof to be displayed or revealed except by order of the court." Except, however, that any papers served on counsel for the parties need not include separate sealed envelopes for confidential materials.

9.  This Order shall be without prejudice to the right of the parties 1) to bring before the court at any time the question of whether any particular document or information is confidential or whether its use shall be restricted; or 2) to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document or information, including restrictions different from those as specified herein.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

10.  Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order, shall be deemed to have the affect of an

admission or waiver of objections or privileges by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing right or obligation of any party or the absence thereof.

11. This Order shall survive the final termination of this action, to the extent that the information contained in confidential material is not or does not become known to the public and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Within ninety (90) days of the dismissal or entry of final judgment in this action, whichever occurs first, each party shall return to the producing party all confidential materials and any and all copies thereof.

**IT IS SO STIPULATED.**

Dated: _____          LAW OFFICES OF JAMES F. DeMARTINI

                                  By: _____
                                      JAMES F. DeMARTINI
                                      Attorneys for Plaintiff

Dated: _____          MEYERS NAVE RIBACK SILVER & WILSON
                                  City Attorney

                                  By: _____
                                      KEVIN E. GILBERT
                                      Attorneys for Defendants
                                      CITY OF MODESTO, OFFICERS
                                      GARRETT CRAWFORD, DOUGLAS GRIEPP,
                                      DAVID ANGAROLE, TODD MUSTARO,
                                      JOSEPH PIMENTAL, TONY SCOPESI and
                                      YAIR OAXACA

[Signatures continued on following page]

1
2  Dated: _____                    MUSACCHIO, MONTANARI & LUCIA
3
4
5                                              By: _____
                                                   R. ERNEST MONTANARI
6                                                  Attorney for Defendants
                                                   LESLIE R. KNOLL, GRIFFIN ALLEN DYE and
7                                                  THE COPPER RHINO, LLC
8
9
                                **ORDER**
10
11     **IT IS SO ORDERED.**

12     **Prior to filing documents as provided in paragraph 8 above the party seeking to file the**

13  **documents  shall obtain leave of Court pursuant to Local Rule 39-141.**
14
15
    Dated: 2 September, 2008
16
17                              ___/s/ *Dennis L. Beck*_____
                                UNITED STATES MAGISTRATE JUDGE
18
19
20
21
22
23
24
25
26
27
28

---

4
STIPULATION AND ORDER TO PROTECT CONFIDENTIAL INFORMATION          [1:08-CV-00128-OWW-DLB]

# ATTACHMENT A

## NON-DISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *Shepherd v. City of Modesto, et al.,* United States District Court for the Eastern District of California, Civil Action No. 1:08-CV-00128-OWW-DLB, and hereby agree to comply with and be bound by the terms and conditions of said Order, unless and until modified by further Order of this Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____          _____

1138030.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28