**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MARGARET A. SHEPHERD,**<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>**OFFICER GARRET CRAWFORD,** *et al.*,<br><br>　　　　Defendants. | 1:08-CV-00128 OWW DLB<br><br>MEMORANDUM DECISION RE DEFENDANTS' MOTION TO STRIKE (DOC. 31) |

Defendants, City of Modesto, City of Modesto Police Sergeant Garrett Crawford, and City of Modesto Police Officers Douglas Griepp, Joseph Pimental, Tony Scopesi, and Yair Oaxaca, move to strike Plaintiff's expert witnesses. Doc. 31, filed Feb. 13, 2009. In the alternative, Defendants request that their motion be treated as an early motion in limine to strike Plaintiff's expert witnesses designation.

Pursuant to the parties' stipulation and the district court's scheduling order, Doc. 27, filed Nov. 11, 2008, all parties were to disclose their expert witnesses on or before January 15, 2009. Any such disclosures were to comply with the provisions of Federal Rule of Civil Procedure 26(a)(2), which requires the provision of a written report "prepared and signed by the witness" containing, among other things "a complete statement of all opinions the witness will express and the basis

and reasons for them." *See* Fed. R. Civ. P. 26(a)(2)(B)(I); Doc. 23, filed May 2, 2008.

Defendants timely served their disclosure upon all parties, including a complete report from its expert. Plaintiff only disclosed the <u>names</u> of her proposed experts, Mr. Curtis Cope and Dr. Steven R. Vargas. As of February 13, 2009, the date on which Defendants filed their motion to strike, Plaintiff had not yet provided expert reports and background statements to Defendants.

Defendants also complain that Plaintiff allowed one of its experts, Mr. Cope, to review Defendants' expert report prior to and during the preparation of his expert opinions. Defendants assert that this is "expressly prohibited by the applicable statutes and rules." However, Defendant does not cite any statute or rule that prohibits this practice.

On March 6, 2009, Plaintiff's counsel filed a declaration in response to the motion to dismiss, asserting that his staff "inadvertently failed to calendar the date on which [they] were to notify the expert witnesses [he] retained in this matter of the need for their reports." Doc. 33 at 2. Because of this failure, the "reports were not available when the first disclosure was served on counsel for defendants." *Id*. Since that time, counsel has secured and served on defendants reports from Plaintiff's two experts. Plaintiff offers to waive any time required for defendants to designate rebuttal or additional experts. *Id*.

The district court is authorized to issue sanctions for a party's failure to properly disclose its experts or their reports. Those sanctions specifically include barring from use

on direct examination any testimony not properly disclosed, unless the failure to disclose was "substantially justified" or "harmless." Fed. R. Civ. Pro. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2009).

    Defendants rejoin that these excuses are insufficient and assert that they have been "significantly" prejudiced by Plaintiff's conduct, but fail to explain the nature of the prejudice. Doc. 35 at 1. As the jury trial in this case is set for June 9, 2009, and Plaintiff has only designated two experts, there is sufficient time remaining before trial to render Plaintiff's failure essentially harmless. The parties shall have thirty days (30) from electronic service of this order, or until the expert witnesses' first availability, whichever is later, to complete expert depositions. As a sanction for Plaintiff's calendaring error, Plaintiff shall bear the reasonable costs associated with the deposition of her two expert witnesses.

**IT IS SO ORDERED.**

Dated:   March 27, 2009              /s/ Oliver W. Wanger
                                          **UNITED STATES DISTRICT JUDGE**